# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| AKASH DIXIT, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO. 7:18-CV-157-HL-MSH |
| : | 28 U.S.C. § 2241 |
| Warden, IRWIN COUNTY : | |
| DETENTION CENTER, *et. al.*, : | |
| : | |
| Respondents. : | |

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's original and amended applications for habeas corpus relief (ECF Nos. 1, 10, 16, 20 ), his motion for recusal of the undersigned (ECF No. 42), and his various other motions (ECF Nos. 8, 9, 11, 12, 13, 14, 15, 24, 25, 33, 35). For the reasons explained below, Petitioner's motion for recusal is denied and it is recommended that his applications for habeas relief be denied, and his remaining motions be denied as moot.

## BACKGROUND

Petitioner is a native and citizen of India. Resp'ts' Resp. to Pets. 1, ECF No. 19. He entered the United States on September 9, 2016, with temporary "B-1 status" which, after an extension, was to expire on September 8, 2017. *Id.* In January 2016, U.S. Citizenship and Immigration Services ("USCIS") revoked an H-1B visa application filed by an employer on Petitioner's behalf, because the employer had filed a withdraw request citing Petitioner's choice to not work for them. *Id.* at 1-2. USCIS also denied an I-140

"immigrant petition for alien worker" filed by Petitioner, along with Petitioner's appeal of that initial denial. *Id.* at 2.

Petitioner was transferred to U.S. Immigration and Customs Enforcement's ("ICE's") custody on August 26, 2018, following his arrest for false imprisonment. Resp'ts' Resp. to Pets. 2. Administrative removal proceedings were initiated against Petitioner that day. *Id.* On August 28, 2018, Petitioner was notified that he would remain in ICE custody "pending final administrative determination of [his] case." *Id.* The record indicates that Petitioner's administrative proceedings are ongoing. *See* Resp'ts' Resp. to Mot. to Strike 2, ECF No. 37 (notifying the Court that Petitioner's next hearing had been "rescheduled for January 31, 2019"). Petitioner initiated this habeas action on September 13, 2018 (ECF No. 1).

## DISCUSSION

### I. Motion for Recusal[1]

On February 14, 2019, Petitioner moved for the undersigned to be disqualified or recused from the case alleging, among other things, that the undersigned is "extremely corrupt, vicious[,] and inhuman[.]" Mot. for Recusal 1, ECF No. 42. He states that he is aware such motions "are filed under two primary statutory provisions" but, due to inadequate legal resources, he cannot "recollect, what [] the exact title and USC numbers

---

[1] Because one of the two statutes relevant to this motion insists that if a movant makes a sufficient showing that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further[,]" the Court addresses this motion first. 28 U.S.C. § 144.

for those provisions" are. *Id*. at n.1. Because Petitioner has not shown recusal is required, his motion is denied.

A. Standard Governing Recusal

28 U.S.C. § 455 provides the standard for when a judge, justice, or magistrate judge must disqualify himself from a particular proceeding. The statute generally provides that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)-(5).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (internal quotation marks and citation omitted). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case.").

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal.

28 U.S.C. § 144 also governs recusal, but it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice against the plaintiff or defendant, and the affidavit must provide facts and reasons for the belief that bias or prejudice exists. The statute's affidavit requirement is strictly enforced. *See, e.g., United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that the court did not abuse its discretion by denying litigant's pro se motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the statute's procedural requirements). The party seeking recusal under § 144 "must allege facts that would convince a reasonable person that bias actually exists." *Stringer v. Doe*, 503 F. App'x 888, 890 (11th Cir. 2013) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000)).

B. Petitioner's Motion

In his motion, Petitioner insinuates that the undersigned is biased in favor of Respondents. For evidence, Petitioner points to the time taken to address the many motions

4

he has filed in this case, as well as the time taken to adjudicate other habeas petitions. Mot. for Recusal 2. He suggests that the undersigned "laugh[s] over the helpless [] petitioners in raucous evening parties thrown using the corrupt money obtained from kickbacks received from prisons corporations that makes huge amounts of profits from [] illegal detentions [such as Petitioner's]." *Id*. Petitioner alleges that the undersigned's alleged acts of bias constitute "treason to the constitution of the United States [and] obstruction of justice" and that the undersigned "is extremely corrupt, vicious[,] and inhuman." *Id*.

Petitioner's allegations, while dramatic, are not sufficient to warrant recusal. "Under either § 144 or § 455 . . . [Petitioner] must allege facts from which a reasonable person could conclude the [undersigned's] impartiality could be questioned, or that show a particular ground for recusal actually exists." *Stringer*, 503 F. App'x at 890. Petitioner has done no such thing. Bias cannot be imputed solely on the basis of the time taken by the Court to review a petitioner's submissions to it, nor should it be. Conclusory allegations such as Petitioner's statement that the undersigned is "getting either sexual or monetary benefits out of [allegedly ignoring Petitioner's filings] are both insufficient and inappropriate. Petitioner's motion for recusal (ECF No. 42) is denied.

## II. Petitioner's Habeas Applications

Petitioner alleges that his detention is illegal because he has "valid legal status to stay in the United States [until] January 2019" and has "zero criminal convictions" during his time in this country. Pet. 2, ECF No. 1. Respondents argue that Petitioner is being lawfully detained pursuant to 8 U.S.C. § 1226 (a), as an alien detained pending a decision on whether he is to be removed from the United States. Resp'ts' Resp. to Pets. 3. The

5

Court agrees with Respondents and recommends dismissing Petitioner's application for habeas relief.

A.  § 1226(a)

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether [they are] to be removed from the United States." During the pendency of that decision, the alien may be detained or released on "a bond of at least $1,500 . . . or conditional parole[.]" 8 U.S.C. § 1226(a)(1)-(2). Essentially, this section "creates a default rule for [aliens already present in the United States] by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Id.* at 847 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

An alien seeking release on bond "must demonstrate [that their] release would not pose a danger to property or persons" and that they are "likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If an alien is denied release or believes the bond, as set, is too high, they may appeal the initial custody determination. 8 C.F.R. § 236.1(d). Courts may not insist upon "procedural protections that go well beyond the initial bond hearing established by existing regulations" such as "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." *See id.*

B. Petitioner's Claims for Relief

Petitioner argues that his detention is invalid for a variety of reasons. Relevant to this Court's habeas jurisdiction, he contends he was not "properly charged or served" within seven days as required by § 1226a(b), the Notice to Appear ("NTA") served to him is void, his due process rights have been violated by "[t]he failure of Respondents to provide a neutral decision maker to review [his detention,]" and that there "is good reason to believe that there is no significant likelihood of [his] removal in the foreseeable future[.]" Pet. 5-6. In relief of these, and other, alleged violations, Petitioner seeks his release from Respondents' custody, safeguards "[i]n view of possible retaliation by the Respondents," declaratory judgment "to discourage such conduct by the Respondents in [the] future[,]" and monetary damages for attorney's fees and costs. *Id*. at 9.

Petitioner's contentions, though many, do not authorize granting him the relief he seeks. Respondents have shown that statutory procedural requirements relevant to Petitioner's detention have been met. A warrant was issued for his arrest by immigration authorities and after being detained he was served with an NTA[2], Petitioner was notified of an initial custody determination being made within two days of his detention's beginning, and Petitioner has not requested a review of that determination. Resp'ts' Resp.

---

[2] Petitioner, citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), alleges that this NTA was invalid because it did not specify a time and place for him to appear before an immigration judge, and thus his administrative proceedings are invalid. *E.g.*, Pet. 6, ECF no. 1. However, a petitioner who initially received an NTA lacking a specific date and time of removal hearing but then receives supplemental notice supplying the missing information or actually attends the scheduled removal hearing, is considered to have received sufficient notice of that hearing. *See Molina-Guillen v. U.S. Attorney Gen.*, No. 18-10914, 2019 WL 669715, at *4 (11th Cir. Feb. 19, 2019); *see also Mehdi v. Gonzales*, 216 F. App'x 412, 414 (5th Cir. 2007).

to Pets. Exs. D-F, ECF No. 19-1. Further, Petitioner's detention has not run afoul of any established constitutional limits. *See Demore v. Kim*, 538 U.S. 510 (2003) (upholding the validity of mandatory detention of aliens during removal proceedings under § 1226(c)); *see also Jennings*, 138 S. Ct. at 851 (choosing not to reach constitutional arguments regarding facial constitutional validity of § 1226(a)). Accordingly, it is recommended that Petitioner's applications for habeas relief be dismissed.

## CONCLUSION

For the reasons explained above, Petitioner's motion for recusal (ECF No. 42) is denied. It is recommended that Petitioner's original and amended applications for habeas relief (ECF Nos. 1, 10, 16, 20) be denied and that, in light of that recommendation, Petitioner's remaining motions (ECF Nos. 8, 9, 11, 12, 13, 14, 15, 24, 25, 33, 35) be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days of being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 27th day of March, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE